## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GEORGE H. CHAVEZ,

        Plaintiff,

v.                                                                 Civ. No. 04-571 JH/RHS

PATRICK G. BACA, P.R.C. Chief of
Staff, ERIC SERNA, N.M. Superintendent
of Insurance, JOE RUIZ, N.M. Deputy
Superintendant of Insurance, in their
individual capacities, and ROBERT CASWELL
INVESTIGATIONS, INC., a New Mexico
Business Corporation,

        Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Motion to Stay Plaintiff's Deadlines to Respond to Defendant RCI's Three Motions for Summary Judgment Pursuant to Rule 56(f)* [Doc. No. 32]. The primary issue before the Court is whether to allow Plaintiffs until the close of discovery to respond to three motions for summary judgment filed by Defendant Robert Caswell Investigations, Inc. ("RCI").

Plaintiff originally filed this case in the First Judicial District Court, Santa Fe County, New Mexico on April 8, 2004. As is permitted in that court, Plaintiff served Defendant Patrick Baca with written discovery requests at the time he served Baca with the complaint. However, on May 21, 2004, Defendants removed the case to this Court. Under the Local Rules of this district, the parties may not commence discovery until they have held their "meet and confer" under Rule 26(f), which in this case took place on July 20, 2004.

On August 10, 2004, Magistrate Judge Robert Scott held a Rule 16 conference and entered an Order setting a discovery deadline of February 7, 2005.  Then, on September 28, 2004, RCI filed three separate motions seeking summary judgment on Counts III and IV of Plaintiff's complaint as well as Plaintiff's claim for punitive damages.  Plaintiff did not respond to those motions.  Instead, on October 5, 2004, Plaintiff served RCI with written discovery requests.  Then, on October 13, 2004, Plaintiff filed his motion to stay.  In that motion, Plaintiff argues that, in accordance with Rule 56(f), he should be permitted additional time to respond to the motions because he had not yet conducted the necessary depositions in order to demonstrate the existence of a genuine issue of material fact. In support of the motion, Plaintiff has provided the Court with the affidavit of his counsel, Susan Weckesser.  Since the filing of RCI's motions for summary judgment and Plaintiff's motion to stay, the parties have stipulated to two extensions of the discovery deadline.  The current discovery deadline is May 27, 2005, with a dispositive motion deadline of June 15, 2005.

The Court finds that it is in the interests of justice to grant the Plaintiff's request for a stay of the deadline to respond to RCI's motions for summary judgment.  At the time that RCI filed its motions, more than four months remained in the discovery period.  In light of that fact, the Court disagrees with RCI's position that Plaintiff was dilatory in conducting discovery.  Plaintiff should be permitted the opportunity to obtain the necessary deposition testimony, affidavits, and other admissible evidence necessary to respond to a motion for summary judgment under Rule 56.  Accordingly, under the specific circumstances of this case, the Court does not find Plaintiff's request to be unreasonable.

IT IS THEREFORE ORDERED that Plaintiff's *Motion to Stay Plaintiff's Deadlines to Respond to Defendant RCI's Three Motions for Summary Judgment Pursuant to Rule 56(f)* [Doc.

No. 32] is **GRANTED**.  Plaintiff must serve and file his responses to RCI's motions for summary judgment no later than June 15, 2005.

                                                                                             _____
                                                                                             UNITED STATES DISTRICT JUDGE