IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE H. CHAVEZ,

        Plaintiff,

v.                                                    Civ. No. 04-0571 JCH/RHS

PATRICK G. BACA, P.R.C. Chief of Staff,
ERIC SERNA, N.M. Superintendent of Insurance,
and JOE RUIZ, N.M. Deputy Superintendent of
Insurance, in their individual capacities, ROBERT
CASWELL INVESTIGATIONS, INC., a New
Mexico Business Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Patrick Baca, Eric Serna, and Joe Ruiz's ("State Defendants") Motion for Summary Judgment, filed September 26, 2005 [Doc. No. 119]. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion for Summary Judgment is well taken in part and will be granted in part.

### BACKGROUND

In 1995, Plaintiff George Chavez was appointed New Mexico State Fire Marshal, a classified position. As a classified employee of the State of New Mexico, the State could terminate Plaintiff from his position only for "just cause" after the institution of "progressive discipline." This lawsuit arises out of actions allegedly taken by the State Defendants beginning in February 2001, when Defendant Serna was appointed Superintendent of Insurance, and continuing through Plaintiff's termination in March 2003. According to Plaintiff, the State

Defendants violated his First Amendment right to freedom of speech and association by subjecting him to a hostile work environment and retaliating against him, by subjecting him to various adverse employment actions, and ultimately by terminating his employment. Plaintiff further alleges that the State Defendants conspired to deprive him of his First Amendment right to freedom of speech and association.

Throughout the course of his employment as the State Fire Marshal, Plaintiff spoke about various topics, for which he now alleges that the State Defendants retaliated against him. For example, during testimony before the state legislature and in other contexts, Plaintiff voiced his opposition to Defendant Serna's allegedly illegal and unethical activities and to Defendant Serna's appointment to the position of Superintendent of Insurance. With respect to Plaintiff's testimony before the state legislature, the State Defendants concede that Plaintiff was not disciplined for his speech by the then Chief of Staff Vince Martinez. During his tenure as State Fire Marshal, Plaintiff also spoke about his objections to the State Defendants' administration of the State Fire Marshal's Office (SFMO) and the State Fire Academy and his opposition to Defendant Ruiz's allegedly racist treatment of Anglo-American job applicants. During a deposition, Plaintiff further voiced his opposition to funding for an allegedly illegal fire substation in Union County, New Mexico.

Plaintiff contends that the State Defendants retaliated against him because of this and other speech. Plaintiff cites evidence that beginning in February 2001 the State Defendants took certain actions that a reasonable jury could conclude were retaliatory. For example, Plaintiff points to evidence that prior to February 2001, he received "exceeds" expectation ratings on his annual performance evaluations and that after February 2001, Defendant Serna engaged in a

"series of hostile acts." For example, Defendant Serna reprimanded Plaintiff for testifying before the state legislature, inquired into Plaintiff's timesheets, placed prohibitions on the use of Plaintiff's state vehicle, threatened the physical relocation of the SFMO, refused to allow Plaintiff to post the position of Deputy State Fire Marshal for over one year, failed to process Plaintiff's performance evaluations and later improperly processed his evaluations, instigated an audit of the SFMO, convened an "ad hoc" committee to investigate Plaintiff, pressured Plaintiff to agree to change his position from classified to exempt, removed Plaintiff's authority over the State Fire Academy, and began implementing disciplinary action against Plaintiff in November 2001. Plaintiff also points to evidence that Defendant Ruiz met secretly with Plaintiff's staff to question them about Plaintiff, told Plaintiff that he had a "tainted record," harassed Plaintiff over routine work matters, gave Plaintiff a written reprimand in November 2001, and issued a negative performance evaluation of Plaintiff. Plaintiff further points to evidence that Defendant Baca failed to engage in appropriate performance evaluations and progressive discipline, and that Defendant Baca made the final decision to terminate him.[1]

Specifically, on March 3, 2003, Defendant Baca issued a Notice of Contemplated Action indicating that the State was considering terminating Plaintiff as State Fire Marshal. Plaintiff responded to the Notice of Contemplated Action on March 13, 2003. On March 21, 2003, Defendant Baca issued a Notice of Final Action terminating Plaintiff. The Notice of Final Action cited numerous reasons for terminating Plaintiff, including alleged conduct of Plaintiff involving Defendants Serna or Ruiz. Plaintiff also points to evidence that Defendants Serna and Ruiz

---

[1] The State Defendants did not file a reply to Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment, and therefore did not indicate that they dispute Plaintiff's facts. For purposes of this motion, the Court assumes that they dispute the facts articulated by Plaintiff.

allegedly were pursuing Plaintiff's termination and instituting "progressive discipline."

The parties dispute whether Defendant Robert Caswell Investigations, Inc. ("RCI"), an independent investigation firm hired by the State Defendants to investigate Plaintiff, participated in the State's decision to terminate Plaintiff. Although the parties agree that Defendant Baca made the final decision to terminate Plaintiff, Plaintiff maintains that in so doing Defendant Baca relied upon the facts as represented in Defendant RCI's investigative report.

## STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c) of the Federal Rules of Civil Procedure, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied sub nom. Smith v. Allen*, 522 U.S. 1148 (1998). "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

4

designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

The State Defendants seek summary judgment on Plaintiff's 42 U.S.C. Section 1983 First Amendment right to freedom of speech and association claim as well as Plaintiff's 42 U.S.C. Section 1985 conspiracy to deprive Plaintiff of his First Amendment right to freedom of speech and association claim. In support of their motion, the State Defendants make four arguments. First, the State Defendants claim that Plaintiff cannot show that he engaged in protected speech under the First Amendment. Second, the State Defendants argue that Plaintiff cannot demonstrate that the balance of interests tips in his favor. Third, the State Defendants maintain that Plaintiff cannot prove that the allegedly protected speech was a "substantial motivating factor" in the decision to termination him. Fourth, the State Defendants contend that Plaintiff cannot establish an underlying violation of his First Amendment rights or the existence of a conspiracy. The Court will address each of these arguments in turn.

I.  <u>Section 1983 First Amendment Right to Freedom of Speech and Association</u>

A prima facie case of First Amendment retaliation requires a plaintiff to allege facts that demonstrate that (1) the speech is on a matter of public concern, (2) the balance tips in favor of a plaintiff's interest in commenting upon matters of public concern as opposed to a state's interest

in promoting the efficiency of the public services it performs through its employees,[2] and (3) the protected speech is a substantial or motivating factor in the detrimental employment decision. *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996). These first two questions are legal in nature and must be resolved by the district court. *Id*. Under the third question, an employee must establish both that his employer subjected him to an adverse employment action and that the employee's protected speech substantially motivated the employer to administer such adverse consequences. Once a plaintiff establishes the foregoing, the burden then shifts to the employer to show that it would have made the same employment decision in the absence of the protected speech. *Id.*

> A. <u>Protected Speech</u>

The State Defendants argue that Plaintiff, as a matter of law, cannot establish that the identified speech touched upon on a matter of public concern. "Matters of public concern are those of interest to the community, whether for social, political or other reasons." *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998). For instance, "[w]hile speech pertaining to internal personnel disputes and working conditions ordinarily will not involve public concern . . . , 'speech that seeks to expose improper operations of the government or questions the integrity of governmental officials clearly concerns vital public interests.'" *Finn v. New Mexico*, 249 F.3d 1241, 1247 (10th Cir. 2001) (quoting *Conaway v. Smith*, 853 F.2d 789, 797 (10th Cir. 1988)

---

[2] *See also Rankin v. McPherson*, 483 U.S. 378, 388 (1987) (a court must balance the employee's right to speak out about a particular matter with whether exercise of that right "impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise"), *cited in Hulen v. Yates*, 322 F.3d 1229, 1238 (10th Cir. 2003).

(emphasis added) (further citations omitted)). The essential question, therefore, is "'whether the public or the community is likely to be truly concerned with or interested in the particular expression, or whether it is more properly viewed as essentially a private matter between employer and employee.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 247 (4th Cir. 1999) (quoting *Berger v. Battaglia*, 779 F.2d 992, 999 (4th Cir. 1985) (internal quotation marks omitted)). In performing this inquiry, the Court must consider "the content, form and context of a given statement." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). This includes scrutinizing whether the speaker's purpose was to bring an issue to the public's attention or to air a personal grievance. *McEvoy v. Shoemaker*, 882 F.2d 463, 466 (10th Cir. 1989). An employee's speech must not merely relate generally to a subject matter that is of public interest, but must "sufficiently inform the issue as to be helpful to the public in evaluating the conduct of government." *Wilson v. City of Littleton*, 732 F.2d 765, 768 (10th Cir. 1984).

The State Defendants identify various instances of Plaintiff's speech that they claim did not touch upon matters of public concern. First, the State Defendants argue that Plaintiff's speech opposing illegal and unethical activities of Defendant Serna did not touch on a matter of public concern. According to Defendants, Plaintiff alleges only that he had "kept documentation" regarding his beliefs that Defendant Serna had engaged in illegal and unethical activity. Perhaps if this were Plaintiff's sole contention, the State Defendants would be correct in concluding that such documentation does not touch upon a matter of public concern. *See, e.g.*, *McKenzie v. Milwaukee County*, 381 F.3d 619, 626 (E.D. Wis. 2004) (deputy sheriff's maintenance of a journal documenting harassment was personal and not a matter of public concern). Plaintiff, however, cites to evidence that he voiced his opposition to the appointment of Defendant Serna to

7

the position of Superintendent of Insurance and announced to other employees that he would not be a party to Defendant Serna's unethical and illegal activities. Considering the content, form, and context of the speech, the Court concludes that the speech, as a matter of law, touches upon a matter of public concern. *Cf. Finn*, 249 F.3d at 1247 (speech that questions the integrity of governmental officials clearly concerns vital public interests).

Second, the State Defendants argue that Plaintiff's "objections to defendants' administration of the SFMO and Fire Academy" were not protected speech. According to the State Defendants, Plaintiff's sole objections were related to issues involving Plaintiff's own personal employment situation, like his annual evaluation and his suspension for insubordination. *Cf., e.g.*, *Martin v. City of Del. City*, 179 F.3d 882, 887-88 (10th Cir. 1999) (former City employee's grievance over credit taken for administrative leave was not protected speech). The Court notes that Plaintiff does not argue that his complaints regarding his annual evaluation and suspension for insubordination touched upon matters of public concern. The Court agrees with the State Defendants, however, that to the extent Plaintiff intends to argue that the State Defendants retaliated against him for engaging in speech related to his own annual evaluations or suspensions, that speech does not touch upon a matter of public concern and is therefore not protected speech.

Plaintiff does maintain that his speech related to the State Defendants' refusal to allow him to hire a Deputy State Fire Marshal for over one year, their usurpation of the interview process, their interference with his and his staff's use of vehicles for overnight travel, and their threatened relocation of the SFMO constituted speech touching upon matters of public concern. Plaintiff likewise argues that his speech protesting Defendant Serna's removal of Plaintiff's authority over

the Fire Academy, and Plaintiff's speech protesting the appointment of Defendant Ruiz because he claimed Defendant Ruiz lacked necessary experience constituted speech touching upon matters of public concern.

An employee's motivation for speaking is important to the analysis of whether the speech pertains to a matter of public concern. *Baca v. Skylar*, 398 F.3d 1210, 1219 (10th Cir. 2005) (citations omitted). Plaintiff claims that the motivation for his speech was "to properly carry out his statutory duties as well as to serve the public in his role as the 'chief' of the fire service for the State of New Mexico," and that he spoke "as a citizen upon matters of public concern" and not merely "as an employee upon matters only of personal interest." Mem. in Opp. at 23-24 (citing *McFall v. Bednar*, 407 F.3d 1081, 1088 (10th Cir. 2005) (citation omitted)). Considering the content, form, and context of the speech identified by Plaintiff, the Court concludes that Plaintiff's speech related to the State Defendants' alleged usurpation of the interview process for hiring the Deputy State Fire Marshal and their alleged interference with Plaintiff's and his staff's use of vehicles for overnight travel does not touch upon matters of public concern. *Cf. Gardetto*, 100 F.3d at 812-15 (holding that speech motivated primarily by the speaker's personal interest "in maintaining her staff," or involving matters related to "internal budgetary decision[s]" did not qualify for first amendment protection). In contrast, the Court concludes, based upon the evidence which must be construed in Plaintiff's favor, that Plaintiff's speech regarding the State Defendants' refusal to hire a Deputy State Fire Marshal for over one year, their threatened relocation of the SFMO, their removal of the State Fire Marshal's authority over the State Fire

9

Academy, and their appointment of Defendant Ruiz touches upon matters of public concern.[3] *Cf. id.* (holding that speech involving the general "expenditures of public funds," the "integrity, qualifications, and misrepresentations of a highly visible public official," and the "overall management of the public institution" was protected).

Third, the State Defendants argue that Plaintiff's speech regarding his opposition to Defendant Ruiz's "racist treatment of Anglo applicants" did not touch on a matter of public concern because the applicant, Paul Linville, "did not feel the need to pursue a formal complaint." Based upon Mr. Linville's failure to file a complaint, the State Defendants conclude that Plaintiff's speech on this matter "was purely personal and stemmed from his own negative animus towards Ruiz." Under the law, complaints from a third party about racist treatment of a job applicant touch upon a matter of public concern. Speech concerning such conduct is of interest to the community for social, political, and other reasons. *Dill*, 155 F.3d at 1201 ("Matters of public concern are those of interest to the community, whether for social, political or other reasons."). The Court further notes that Plaintiff was not challenging Defendant Ruiz's treatment of him personally,[4] but rather Defendant Ruiz's alleged treatment of another. *Cf. Finn*, 249 F.3d at 1247 ("[w]hile speech pertaining to internal personnel disputes and working conditions ordinarily will not involve public concern . . . , 'speech that seeks to expose improper operations of the government or questions the integrity of governmental officials clearly concerns vital public

---

[3] To the extent the evidence at trial shows that Plaintiff's motivation was not to carry out his statutory duties or serve the public, the State Defendants may be entitled to judgment as a matter of law in their favor.

[4] The Court notes that such a complaint could be private in nature, and not touch upon a matter of concern.

interests.'") (citation omitted). The public is "'likely to be truly concerned with or interested in" the expression of an allegedly racist comment; such an expression is not more "'properly viewed as essentially a private matter between employer and employee,'" particularly when the statement was not made to the employee but rather to a third party. *Edwards*, 178 F.3d at 247 (citation and internal quotation marks omitted). The alleged speech, considering the content, form, and context set forth by Plaintiff, touches upon a matter of public concern.

Fourth, the State Defendants argue that Plaintiff's speech in his deposition in the *Letherer* lawsuit and related to his association with former superintendent Don Letherer does not touch upon a matter of public concern. According to the State Defendants, Plaintiff has not identified any specific speech involving a matter of public concern. Plaintiff, however, points to his speech during the deposition related to Defendant Serna's allegedly illegal and unethical activities regarding funding for an allegedly illegal fire substation in Union County, New Mexico. Speech regarding allegedly illegal public funding for a fire station and allegedly illegal and unethical activities, as a matter of law, touches upon matters of public concern. *Cf., e.g.*, *Schrier v. Univ. of Colo.*, 427 F.3d 1253 (10th Cir. 2005) (speech concerning the expenditure of public funds was a matter of public concern); *Baca*, 398 F.3d at 1219 (speech regarding illegal conduct was a matter of public concern).

The Court concludes that of the speech challenged by the State Defendants, only Plaintiff's speech regarding his personal annual evaluations and suspensions, his speech regarding the State Defendants' alleged usurpation of the interview process for hiring the Deputy State Fire Marshal, and his speech regarding the State Defendants' alleged interference with Plaintiff's and his staff's use of vehicles for overnight travel do not touch upon a matter of public concern. With

11

respect to this speech, the Court grants the State Defendants' motion for summary judgment. With respect to the remaining speech challenged by the State Defendants, the Court denies the motion.

### B. Balancing of Interests

The State Defendants also move for summary judgment on the ground that Plaintiff's testimony before the state legislature does not, as a matter of law, satisfy the balancing prong of a First Amendment retaliation claim. Although the State Defendants concede that this speech touches upon a matter of public concern, they argue that the balance does not tip in favor of Plaintiff's interest in commenting upon this subject matter as opposed to their interest in promoting the efficiency of the public services they perform through their employees. Because Plaintiff admitted he was not speaking before the legislature as a private citizen, but rather that he was advocating in his capacity as State Fire Marshal, the State Defendants argue that they, as Plaintiff's employers, had a legitimate governmental interest in controlling the substance of Plaintiff's advocacy before the state legislature. The State Defendants claim that this governmental interest in determining what policy it set forth before the state legislature outweighed any private interest that Plaintiff may have had in engaging in the speech. *Sheppard v. Beerman*, 317 F.3d 351, 355 (E.D.N.Y. 2003) (government official may fire an employee for speaking on a matter of public concern if the employee's speech is reasonably likely to disrupt the effective functioning of the office).

The State Defendants do not support their claim that Plaintiff "admitted that he was not speaking before the legislature as a private citizen" and that "he was advocating in his capacity as State Fire Marshal" with any citation to evidence. Accordingly, the Court does not consider this

12

argument.  Moreover, in making their argument, the State Defendants concede that "[Plaintiff] was never disciplined for his speech before the legislature by then Chief of Staff, Vince Martinez." This failure to discipline implies that Plaintiff's speech was not reasonably likely to disrupt the effective functioning of the government.  In fact, the Tenth Circuit has explained that "[f]or the balance to be struck in favor of the governmental employer, there must be some evidence of actual disruption." *Hulen*, 322 F.3d at 1238-39 (citing *Finn*, 249 F.3d at 1249).  "Although a governmental employer may sometimes rely upon predictions of disruption supported by evidence, that does not apply [where] the challenged action came several months after the protected speech." *Id.* (citing *Kent v. Martin*, 252 F.3d 1141, 1145-46 (10th Cir. 2001) ("That legal standard is inapplicable when an employer has allowed an employee to continue to work after the protected expression.")).  The Court finds that because Plaintiff was not disciplined for his speech at or near the time of his protected speech, the State Defendants cannot, as a matter of law, show that the balance of interests tips in their favor.

        C.      <u>Substantial Motivating Factor</u>

The State Defendants argue that the Court should grant their motion for summary judgment on Plaintiff's First Amendment retaliation claim because Plaintiff cannot establish that the allegedly protected speech was a substantially motivating factor in the decision to terminate Plaintiff.  Plaintiff defines his First Amendment retaliation claim not only to include the State Defendants' decision to terminate him but also their decisions to take other adverse employment actions and to create a hostile work environment.  The State Defendants, however, seek summary judgment only on Plaintiff's First Amendment claim with respect to the decision to terminate Plaintiff.

The determination of whether protected speech is a substantial or motivating factor in undertaking an adverse employment action is a factual issue subject to the preponderance of evidence standard. *Maestas v. Segura*, 416 F.3d 1182, 1188 (10th Cir. 2005). An employee need neither prove that his or her speech was the sole reason for the adverse action nor demonstrate "but-for" causation. *Id.* Rather, the employee need only show that the protected speech played a substantial role in the employer's decision adversely to alter the employee's conditions of employment. *Id.* To demonstrate that protected speech is a substantial or motivating factor in an adverse employment action, a public employee may rely upon the chronology of events from which retaliation plausibly may be inferred. *Brady v. Houston Ind. Sch. Dist.*, 113 F.3d 1419, 1424 (5th Cir. 1997).

The Court concludes that Plaintiff has established that a genuine issue of material fact exists with respect to the question whether Plaintiff's protected speech was a substantial or motivating factor in the State Defendants' adverse employment action. *Cf. Baca*, 398 F.3d at 1222. Taking the facts as alleged by Plaintiff and disputed by Defendants,[5] a reasonable jury could find that Plaintiff's speech was a substantial and motivating factor. Specifically, Plaintiff cites evidence in the record in support of his claim that from the date of the appointment of Defendant Serna as Superintendent of Insurance on February 27, 2001, Plaintiff was subjected to ongoing retaliatory actions. A reasonable jury could infer that Plaintiff's protected speech was a substantial and motivating factor in the State Defendants' decision to undertake the adverse employment actions. Although the State Defendants argue that Plaintiff's opposition to the

---

[5] The Court presumes these facts are disputed by the State Defendants even though they did not file a reply to Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment.

14

allegedly illegal conduct of Defendant Serna occurred four years prior to Plaintiff's termination, and therefore that no causal connection can be inferred from this lengthy gap in time, Plaintiff alleges other instances of protected speech and the other instances of adverse employment actions besides termination alleged by Plaintiff. These other instances, taken together as part of a chronology, raise a genuine issue of material fact. Accordingly, the Court denies the State Defendants' motion for summary judgment on this ground.

II.   Section 1985 Conspiracy to Deprive Plaintiff of his First Amendment Right to Freedom of Speech and Association

The State Defendants maintain that the Court should grant summary judgment in their favor on Plaintiff's Section 1985 conspiracy claim because Plaintiff cannot establish as a matter of law that he suffered retaliation for the exercise of his First Amendment rights. Civil conspiracy, standing alone, is not a cause of action. A plaintiff must show that one or more actors took some action recognized as a violation of law or a constitutional tort for a civil conspiracy claim to stand.

This Court already has held that Plaintiff, as a matter of law, has stated a First Amendment retaliation claim. The State Defendants therefore cannot prevail on their motion for summary judgment on this ground. The State Defendants, however, make two additional arguments in support of their motion for summary judgment on the conspiracy claim.

First, the State Defendants argue that the "undisputed" evidence shows that "Patrick Baca, alone, decided to hire the investigation firm," and that "Baca, alone, decided to terminate [Plaintiff]." Based upon this evidence, the State Defendants argue that Plaintiff cannot demonstrate that Defendants Baca, Ruiz and Serna together conspired to terminate Plaintiff.

Therefore, the State Defendants maintain that the Court must grant summary judgment in their favor on the conspiracy claim.

The Court concludes, however, that the evidence is not undisputed with respect to the question whether Defendant Baca decided alone to terminate Plaintiff.  As the State Defendants concede, "[t]he function of a conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts."  Opening Br. 15-16 (citing *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994)).  Plaintiff points to evidence from which a reasonable jury could infer that Defendants Serna and Ruiz planned, assisted, or encouraged Defendant Baca's act of termination.  For example, the evidence, which must be construed in Plaintiff's favor, is that Defendants Serna, Baca, and Ruiz each were involved in retaliating against Plaintiff for his exercise of his First Amendment rights and that they each took adverse employment actions against Plaintiff.  Plaintiff also points to evidence that Defendant Baca references in the Notice of Final Action certain conduct of Plaintiff involving both Defendants Serna and Ruiz.  In addition, as a classified employee, in order to terminate Plaintiff, the State Defendants were required to take "progressive discipline" against him.  Plaintiff has alleged facts indicating that Defendants Serna and Ruiz were instrumental in this process.  Based upon this and other evidence presented by Plaintiff, the Court concludes that Plaintiff has set forth sufficient evidence from which a reasonable jury could find that Defendants Serna, Ruiz, and Baca conspired to deprive Plaintiff of his First Amendment Rights.

Second, the State Defendants argue that the Court should grant summary judgment in their favor because Plaintiff dismissed Defendant RCI from his conspiracy count.  According to the State Defendants, Plaintiff's stipulation of dismissal "cancels this Count completely by

removing the only alleged member of the conspiracy."

In *Seeds v. Lucero*, the New Mexico Court of Appeals held that even if one alleged conspirator cannot be held responsible, liability for the actions in furtherance of the conspiracy may be imputed to the other alleged conspirators if the plaintiff can prove the existence of the conspiracy between the two conspirators. 137 N.M. 589, 113 P.3d 859, 864 (N.M. Ct. App. 2005). Plaintiff has pointed to evidence that demonstrates that Defendant RCI participated in the decision to terminate Plaintiff. Accordingly, the Court denies the State Defendants' motion for summary judgment on this ground.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendants Patrick Baca, Eric Serna, and Joe Ruiz's Motion for Summary Judgment, filed September 26, 2005 [Doc. No. 119] is hereby **GRANTED IN PART** as follows:

(1) The State Defendants' Motion for Summary Judgment on Plaintiff's 42 U.S.C. Section 1983 First Amendment retaliation claim is GRANTED to the extent that Plaintiff seeks to allege retaliation based upon his speech regarding (a) his annual evaluation and his suspension for insubordination, (b) the State Defendants' alleged usurpation of the interview process for hiring the Deputy State Fire Marshal, and (c) the State Defendants' alleged interference with Plaintiff's and his staff's use of vehicles for overnight travel; and

(2) The State Defendants' Motion for Summary Judgment is DENIED in all other respects.

Dated this 30th day of March 2006.

                                                JUDITH C. HERRERA
                                              UNITED STATES DISTRICT JUDGE